IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT WASHINGTON,  )
               Plaintiff, )
                                          )
   vs.                                   ) Civil Action No. 13-277
                                          ) Magistrate Judge Maureen P. Kelly
CHIEF JAMES; AL SERVELLO, Unit )
Manager; KAAS DORAN; MICHAEL ) Re: ECF No. 26
McCLOSKEY; WARDEN AT SCI )
PITTSBURGH, )
              Defendants. )

## OPINION

**KELLY, Magistrate Judge**

Plaintiff Robert Washington ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution ("SCI") at Retreat. Plaintiff brings this civil rights action against five employees and officials of the DOC stemming from events that allegedly occurred while Plaintiff was housed at SCI Pittsburgh. Specifically, Plaintiff claims that on May 25, 2011, while Defendants Kaas Doran ("Doran") and Michael McCloskey ("McCloskey") were escorting Plaintiff from the Security Special Needs Unit, which houses inmates who are considered a danger to either themselves or others, Doran struck Plaintiff in the head from behind with a sharp metal object causing Plaintiff to lose his balance. ECF No. 1, ¶¶ 7, 8, 16. Plaintiff, who was handcuffed behind his back at the time, alleges that he fell to the ground as McCloskey pulled Plaintiff's legs out from under him and that both Doran and McCloskey then proceeded to punch, strike and kick Plaintiff about the head and face. Id. at ¶¶ 12, 16-20, 23. Plaintiff claims that Defendant Chief James ("James") was present during the altercation and, not only did nothing to intervene, but is believed to have participated in the assault. Id. at ¶ 21. Plaintiff claims that the assault

was unprovoked and that he received lacerations, bruises and abrasions on his face and scalp and had blood clots in both of his eyes as a result. Id. at ¶¶ 22, 24-25.

Plaintiff filed the instant Complaint on February 1, 2013, in the United States District Court for the Middle District of Pennsylvania, bringing claims against Defendants Doran, McCloskey and James for using excessive force in violation of his rights provided by the Eighth Amendment to the United States Constitution and a claim for assault and battery under state law.[1] ECF No. 1. Plaintiff also brings Eighth Amendment claims against Defendants Al Servello ("Servello") and the Warden at SCI Pittsburgh ("the Warden") for failing "to take disciplinary or other actions to curb the known pattern of physical abuse on inmates by defendants McCloskey, Doran, [and] James." Id. at ¶ 38.

The case was transferred from the Middle District of Pennsylvania to this Court on February 22, 2013. ECF Nos. 8, 9. On August 12, 2013, Defendants filed a partial Motion to Dismiss Complaint ("the Motion") which is presently before the Court. ECF No. 26. Plaintiff responded to the Motion on September 5, 2013, ECF Nos. 34-36, rendering the Motion ripe for review. For the reasons that follow, the Motion will be granted.

I. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb

---
[1] Although Plaintiff also references the Fourteenth Amendment and "due process" in the Complaint, he has not alleged any facts from which a Fourteenth Amendment claim can be discerned.

2

Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## II. DISCUSSION

### A. Claims Brought Against Defendants in Their Official Capacities

Defendants initially argue that insofar as Plaintiff seeks to hold Defendants liable in their respective official capacities those claims are barred by the Eleventh Amendment. The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Thus, absent consent by a state, the Eleventh Amendment bars a civil rights suit in federal court against a state, or a department or agency of the state having no existence apart from the state as a defendant. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Laskaris v. Thornburgh, 661 F.2d

3

23, 25 (3d Cir. 1981), *citing* Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280 (1977).

Although neither the Commonwealth of Pennsylvania nor the DOC are named as defendants in this case, it is well established that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). See Bennett v. Atlantic City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003), *quoting* Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945), *overruled on other grounds by* Lapides v. Bd. of Regents, 535 U.S. 613 (2002) ("[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, 'the [S]tate is the real, substantial party in interest'").

This is particularly true where, as here, the plaintiff seeks monetary damages which the state would be obligated to pay. As found by the United States Supreme Court:

> [w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.' Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."

Edelman v. Jordan, 415 U.S. at 663, *quoting* Ford Motor Co. v. Dep't of Treasury, 323 U.S. at 464. See Crosby v. Piazza 465 F. App'x 168, 171 (3d Cir. 2012), *citing* Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) ("the Eleventh Amendment bars a suit for money damages against a state agency and state officials sued in their official capacities"); Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 836 (3d Cir. 2009), *quoting* Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("'neither a State nor its officials acting in their official capacities' may be sued for monetary relief under § 1983' unless the State has waived its Eleventh Amendment immunity").

In this case, because any judgment Plaintiff would receive against the individual Defendants in their official capacities would necessarily be paid from state funds, it follows that the DOC and thus the State is the real party in interest here. Because Pennsylvania has specifically withheld consent to suit in federal courts, see 42 Pa. Cons. Stat. Ann § 8521(b), it would appear to follow that the DOC and the instant Defendants are entitled to Eleventh Amendment immunity.[2]

Eleventh Amendment immunity for state officials sued in their official capacities, however, is not absolute. As the United States Court of Appeals for the Third Circuit recently found:

> Based on its landmark holding in *Ex parte Young*, 209 U.S. 12 ... (1908), the Supreme Court has permitted suits against state officials that seek prospective relief to end an ongoing violation of federal law. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). The theory behind *Young* is that a state officer lacks the authority to enforce an unconstitutional state enactment, and thus the officer is "stripped of his official or representative character and becomes subject to the consequences of his individual conduct." *Id. (quoting MCI Telecomm. Corp v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir.2001)) (internal quotation marks omitted). Plaintiffs can therefore bring suit against state officers, but their remedies are limited to those that are "designed to end a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 ... (1985). Plaintiffs may not be awarded damages or other forms of retroactive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103... (1984).

Christ the King Manor, Inc. v. Sec'y U.S. Dept. of Health and Human Services, 730 F.3d 291, 318-319 (3d Cir. 2013). Accordingly, while the Eleventh Amendment bars money damages sought against a State or state official acting in his or her official capacity absent the consent of the State or a valid abrogation by Congress, claims for *prospective* injunctive relief remain viable. See Edelman v. Jordan, 415 U.S. at 677 (in a § 1983 action, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive

---

[2] Of course, to the extent that Plaintiff seeks damages against Defendants in their individual capacities, the Eleventh Amendment does not apply. Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

relief"); Wolfe v. Pennsylvania Dep't of Corrections, 334 F. Supp. 2d 762, 776 (E.D. Pa. 2004) (rejecting the defendants' argument that the Eleventh Amendment bars the plaintiff's action since under *Ex Parte Young*, "Wolfe can vindicate her constitutional rights against defendants, in their official capacities, by asserting claims of prospective injunctive relief").

Plaintiff in this case seeks both declaratory and injunctive relief in addition to monetary damages. ECF No. 1, pp. 12-14. In his requests for declaratory relief, however, Plaintiff merely seeks a retrospective judgment that he was injured by Defendants in violation of his constitutional rights. See Jordan v. Sosa, 654 F.3d 1012, 1025 (10th Cir. 2011) ("in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant"); Pittsburgh Mack Sales & Service, Inc., 580 F.3d 185, 190-91 (3d Cir. 2009), *quoting* Presbytery of N.J. of the Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1468 (3d Cir. 1994) (finding that to warrant a declaratory judgment, the court "must 'determine whether judicial action at the present time would amount to more than an advisory opinion based upon a hypothetical set of facts'"). In addition, the injunctive relief Plaintiff seeks concerns expunging the allegedly false misconduct reports that Defendants issued against Plaintiff at SCI Pittsburgh following the assault. Plaintiff, however, is no longer incarcerated at SCI Pittsburgh and any order entered by this Court would not provide Plaintiff with any meaningful relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993), *citing* Weinstein v. Bradford, 423 U.S. 147, 148 (1975) ("the district court could not provide Abdul–Akbar with meaningful relief by entering an injunctive order respecting the MSU in which Abdul–Akbar no longer was incarcerated"). Under these circumstances, it appears clear that the equitable relief Plaintiff seeks is retrospective only and not designed to end a continuing violation of Plaintiff's constitutional rights. Thus, Plaintiff's claims brought against the

individual Defendants in their official capacities are properly dismissed and Defendants' Motion in this regard will be granted.

B. **Personal Involvement of Defendants Servello and the Warden**

It is well established that "'[an individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (a supervisor can only be held liable if his or her own actions resulted in the constitutional injury). Such liability attaches "'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988), *quoting* Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Here, the extent of Plaintiff's allegations against Defendants Servello and the Warden appear at paragraph 38 of the Complaint, wherein Plaintiff claims that these Defendants violated his constitutional rights by failing "to take disciplinary or other actions to curb the known pattern of physical abuse of inmates by defendants McCloskey, Doran and James ...." ECF No. 1, ¶ 38. These facts are clearly insufficient to raise the inference that Servello and the Warden were personally involved in the alleged constitutional violations at issue above the speculative level. Indeed, Plaintiff merely concludes that McCloskey, Doran and James have engaged in a pattern of abuse without setting forth any facts to support his assertion. Moreover, although Plaintiff generally alleges that such abuse was "known" he does not indicate by whom it was known and

7

has alleged no facts that suggest that the alleged abuse was known to either Servello or the Warden specifically. Because Plaintiff has failed to plead any facts to support his claim that McCloskey, Doran and James have engaged in a pattern of abuse or that Servello and the Warden had any knowledge of such incidents, Plaintiff's claims against Servello and the Warden are properly dismissed.[3]

## III. CONCLUSION

For the foregoing reasons, Defendants' partial Motion to Dismiss Complaint is properly granted. Accordingly, the following Order is entered:

AND NOW, this 10th day of March, 2014, IT IS HEREBY ORDERED that the partial Motion to Dismiss Complaint submitted on behalf of Defendants, ECF No. 26, is granted. IT IS FURTHER ORDERED that Defendants Al Servello and the Warden at SCI Pittsburgh are dismissed from the case and that Plaintiff's claims brought against Defendants Chief James, Kaas Doran and Michael McCloskey in their official capacities are dismissed.[4]

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] Although it is not clear from the Complaint whether Defendants Servello or the Warden participated in any part of the grievance processes that Plaintiff initiated regarding the May 25, 2011 incident, Defendants have argued, correctly so, that participation in the grievance process is insufficient to confer the knowledge necessary to for a defendant to be found personally involved in the alleged unlawful conduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). See Ramos v. Pennsylvania Dep't of Corr., 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) ("review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct"); Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) (finding that allegations that the defendants denied the plaintiff's appeal of his grievance was insufficient to establish the defendant's personal involvement in the challenged conduct). Thus, to the extent that either Servello or the Warden reviewed any of Plaintiff's grievances, it is insufficient to establish their personal involvement.

[4] Thus, the claims that remain are Plaintiff's Eighth Amendment excessive force claims against Defendants James, Doran and McCloskey in their individual capacities.

cc:  Robert Washington
     GJ-2069
     SCI Retreat
     660 State Route 11
     Hunlock Creek, PA 18621

     All counsel of record by Notice of Electronic Filing